IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOUNG HWAN YOO<br><br>　　　Plaintiff,<br><br>v.<br><br><br>ASSI DULUTH PLAZA, INC.,<br>CHOON OK RHEE,<br>and YOON KI CHUNG<br><br>　　　Defendants. | CIVIL ACTION<br>FILE NO._____<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Young Hwan Yoo ("Yoo"), by and through his counsel, Brian Kim, Leon and Kim, LLC, files this Complaint alleging as follows:

### NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendant for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Young Hwan Yoo, the named Plaintiff in this action, resides at 1655 Centerview Dr. Apt 518, Duluth, Georgia 30096, which is located in the Northern District of Georgia.

3.

Defendant Assi Duluth Plaza, Inc. ("Assi") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Duluth, Georgia.

4.

Defendant Assi can be served by delivering a copy of summons and complaint to its registered agent, Kyu K Lee, at 3575 Kroger Blvd Ste 100 in Gwinnett County Duluth, Georgia 30096.

5.

Defendant Assi is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

7.

Defendant Choon Ok Rhee ("Rhee") can be served by delivering a copy of summons and complaint to him at 1630 Pleasant Hill Rd, Duluth, Georgia, 30096.

8.

The Defendant Rhee is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

9.

Defendant Rhee was involved in the day-to-day operation and has substantial operation control over Assi, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

10.

Defendant Rhee exerts substantial control over Assi in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

11.

Defendant Rhee has the power to hire and fire employees, including, without limitation, individuals employed by Assi in the same capacity as the Plaintiff.

12.

Defendant Rhee controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Assi in the same capacity as the Plaintiff.

13.

Defendant Rhee determines the rate and method of payment for employees including without limitation, individuals employed by Assi in the same capacity as the Plaintiff.

14.

At all times relevant to this action, Defendant Rhee oversaw and had the responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Assi in the same capacity as the Plaintiff.

15.

The Defendant Rhee is and was at all times relevant to this action the owner of Assi, and acted directly or indirectly as Plaintiff's employer.

16.

According to Georgia Secretary of State website, the Defendant Rhee is CFO and Secretary of Defendant Assi Duluth Plaza, Inc.

17.

Defendant Yoon Ki Chung ("Chung") can be served by delivering a copy of summons and complaint to him at 1630 Pleasant Hill Rd, Duluth, Georgia, 30096.

18.

The Defendant Chung is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

19.

Defendant Chung was involved in the day-to-day operation and has substantial operation control over Assi, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

20.

Defendant Chung exerts substantial control over Assi in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

21.

Defendant Chung has the power to hire and fire employees, including, without limitation, individuals employed by Assi in the same capacity as the Plaintiff.

22.

Defendant Chung controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Assi in the same capacity as the Plaintiff.

23.

Defendant Chung determines the rate and method of payment for employees, including, without limitation, individuals employed by Assi in the same capacity as the Plaintiff.

24.

At all times relevant to this action, Defendant Chung oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Assi in the same capacity as the Plaintiff.

25.

The Defendant Chung is and was at all times relevant to this action the director of Defendant Assi, and he acted directly or indirectly as Plaintiff's

employer.

26.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of the FLSA 29 U.S.C §203(d) in that they acted "…directly or indirectly in the interest of an employer in relation to an employee…."

27.

As employers who engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

28.

Each Defendant was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## **Jurisdiction**

29.

Jurisdiction over this action is conferred in this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

30.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in this judicial District.

## Fact

31.

Plaintiff Young Hwan Yoo ("Yoo") is a former employee of Defendants.

32.

From August 2009 to November 2015, Plaintiff Yoo was employed by Defendant Assi at 1630 Pleasant Hill Road in Duluth, Georgia 30096.

33.

Based on information and belief, Defendant Rhee has an ownership interest in Defendant Assi.

34.

Throughout Plaintiff Yoo's employment with Defendants, Plaintiff was employed as a "manager", but his primarily duties were receiving orders from customers, cleaning the floors and display shelves at Seafood department.

35.

Plaintiff could not exercise an authority to hire or fire any other Defendants' employees, while Defendant Yoon Ki Chung worked in the same business location.

36.

Plaintiff could not exercise discretion and independent judgment with respect to matters significant to any of the Defendants.

37.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

38.

From 2011 until 2013, Defendants paid Plaintiff $1,000.00 check every week.  From 2014 to the termination of Plaintiff's employment with Defendants, the Plaintiff was paid $2,150.00 check per two weeks.

39.

While employed by Defendants, Plaintiff's work schedule was controlled by Defendants.

40.

Defendants had Plaintiff consistently worked 62 hours, or more, per week. Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

41.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for the worked in excess of forty in a workweek.

## CLAIM FOR RELIEF

### Violation of FAIR LABOR STANDARD ACT (FLSA)

42.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

43.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

44.

The Defendants were required in accordance with the FLSA to pay Plaintiffs one and one-half times their regular hourly rate of pay for their overtime work.

45.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

46.

The Defendants unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

47.

As a result of Defendants unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $123,229.92 or such other amount to be determined at trial.

48.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

49.

Defendants, jointly and severally, owe Plaintiff Yoo overtime pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

50.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff Yoo jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiff Yoo against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff Yoo against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff Yoo against Defendant, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.


This   23 th day of February, 2016.

                                          Leon and Kim, LLC

                                          By: */s/ Brian G. Kim*
                                          Brian G Kim
                                          Georgia. Bar No. 479330
                                          Alabama Bar No. 1288R67G

3006 Clairmont Road
Atlanta, GA 30329
Telephone: 678.302.1956
Facsimile:  404.601.1391
E-Mail: leonandkimllc@gmail.com